# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLES HARDEN, | : | |
| Plaintiff, | : | Case No. 3:06cv248 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL BUSH, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Charles Harden, an inmate in federal custody, brings these two consolidated cases *pro se* claiming, in part, that Defendant Michael Bush, a special agent with the Federal Bureau of Investigation, breached an agreement not to disclose information about certain criminal-related activities involving Plaintiff. Plaintiff also raises claims against four additional Defendants: Mark Bolinski, the City of Dayton, Elizabeth Svendsen, and Wanda Dearduff. (Doc. #3 at 1).[2] Two other Defendants were previously dismissed from this case. (Doc. #9).

Plaintiff originally brought this case against Defendants Bush, Bolinski, City of Dayton, Svendsen, and Dearduff in the case captioned *Charles Harden v. Michael Bush, et al.*, 3:06cv00248 (*Harden I*). Plaintiff later filed a Complaint in a second case raising claims solely against Defendant Michael Bush. The second case was captioned *Charles Harden v. Michael*

---

[1] A NOTICE is attached hereto regarding Objections to this Report and Recommendations.

[2] Citations to docket numbers will refer to documents filed in *Harden v. Bush, et al.*, 3:06cv00248.

*Bush*, 3:08cv0096 (*Harden II*). The Court consolidated Harden's two cases by prior Order. (Doc. #s 10, 43).

This case is presently before the Court upon Defendants Mark Bolinski and the City of Dayton's Motion to Dismiss and Amended Motion to Dismiss (Doc. #s 26, 27), Defendant Michael Bush's Motion to Dismiss (Doc. #35), Defendants Svendsen and Dearduff's Motion for Judgment on the Pleadings (Doc. #36), Plaintiff's Reply (Doc. #41), Defendant Dearduff and Svendsen's Notice of Agreement of Voluntary Dismissal (Doc. #42) , and the record as a whole.

Defendants contend, in part, that Plaintiff's claims are barred by the applicable two-year statute of limitations. Defendants explain that Plaintiff's claims concern events that occurred in December 2002 and January 2003, and as a result the statute of limitations began to run at that time. Yet Plaintiff did not file his Complaint until August 2006, and consequently, the applicable two-year statute of limitations bars his claims.

A two-year statute of limitations applies in Ohio to Plaintiff's federal constitutional claims brought under 42 U.S.C. §1983 against Defendants who acted under the color state law and likewise applies to his federal constitutional claims, so-called *Bivens* claims,[3] brought against Defendant Bush. *See McNamara v. City of Rittman*, 473 F.3d 633, 637 (6th Cir. 2007); *see also Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

Plaintiff acknowledges that his claims in *Harden I* are time barred, and he therefore does not oppose dismissal of those claims. (Doc. #41). In light of Plaintiff's Reply, and because Plaintiff's claims in *Harden I* accrued in January 2003 at the latest, his *Harden I* Complaint –

---

[3] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Investigation*, 403 U.S. 388 (1971).

filed in August 2006 – is barred by the applicable two-year statute of limitations. *See McNamara*, 473 F.3d at 637; *see also Newsome v. Merz*, 17 Fed. Appx. 343, 345 (6th Cir. 2001).

Plaintiff contends that his claims against Defendant Bush in *Harden II* are timely. This contention is well taken. Plaintiff alleges in *Harden II* that Defendant Bush breached Plaintiff's "proffer agreement" on July 10, 2006 by providing a sworn affidavit describing certain information Plaintiff provided to law enforcement. Plaintiff further alleges that the information provided in Defendant Bush's affidavit was used against Plaintiff during proceedings in state court in October 2006. (*Harden II*, Doc. #2 at 2). Plaintiff's allegations therefore concern acts Defendant Bush took in July 2006. Plaintiff filed his Complaint in *Harden II* in March 2008, within the applicable two-year limitation period. Thus, his claims against Defendant Bush in *Harden II* are timely.

As a result of the above conclusions, the only claims remaining in these consolidated cases are those raised in Plaintiff's Complaint in *Harden II* against Defendant Bush. Also pending before the Court are Plaintiff's Motion for Summary Judgment (Doc. # 46) and Defendant Michael Bush's Motion for Summary Judgment (Doc. # 48) which are not yet ripe for decision.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants Mark Bolinski and the City of Dayton's Motion to Dismiss and Amended Motion to Dismiss (Doc. #s 26, 27) and Defendants Svendsen and Dearduff's Motion for Judgment on the Pleadings (Doc. #36) be GRANTED, and Plaintiff's claims against these Defendants be DISMISSED with prejudice;

2. Defendant Michael Bush's Motion to Dismiss (Doc. #35) be GRANTED in part and Plaintiff's claims against Defendant Bush raised in Plaintiff's Complaint in *Harden v. Bush, et al.*, 3:06cv00248 (*Harden I*) be DISMISSED with prejudice; and

3. Defendant Michael Bush's Motion to Dismiss (Doc. #35) be DENIED in part, and Plaintiff's claims raised against Defendant Bush in Plaintiff's Complaint in *Harden v. Bush*, 3:08cv0096 (*Harden II)* not be dismissed.


November 19, 2008            s/ Sharon L. Ovington
           Sharon L. Ovington
           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).